IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBI KRUSE, )
)
        Plaintiff, )
)
v. )   Case No. 14-1035-JWL
)
SIMON PROPERTY GROUP, INC., et al., )
)
        Defendants. )
)
_____)

**MEMORANDUM AND ORDER**

In this diversity action removed from state court, plaintiff alleges that she was attacked by an assailant in the parking lot of Towne East Mall in Wichita, Kansas. Plaintiff asserts a claim for negligence against the owner of the mall; three companies alleged to have provided security at the mall; and Von Maur, Inc. ("Von Maur"), who is alleged to be the operator of a retail store at the mall. This matter presently comes before the Court on Von Maur's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 5). For the reasons set forth below, the Court **grants** the motion, and plaintiff's claim against Von Maur is hereby dismissed.

**I.**     **Governing Standards**

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**II.     Analysis**

In her petition, plaintiff alleges that an unknown assailant followed her through Von Maur's retail store at the mall while she was shopping, that she left the store, and that the assailant attacked her as she proceeded to her vehicle in the mall parking lot. Von Maur seeks dismissal of plaintiff's negligence claim against it on the basis that it had no duty to protect plaintiff from the attack in the parking lot. *See Irvin v. Smith*, 272 Kan. 112, 122 (2001) (actionable negligence must be based on breach of a duty, and

2

whether a legal duty exists is a question of law); *see also Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1523-24 (10th Cir. 1997) (under Kansas law, the existence of a legal duty is a question of law for the court).[1]

In *Hall v. Quivira Square Development Co.*, 9 Kan. App. 2d 243 (1984), the court upheld summary judgment in favor of a shopping center tenant on the basis that the tenant owed no duty of safety to a business invitee who was injured in a parking lot that was under the control of the owner of the shopping center. *See id.* at 244. The court stated the rules under Kansas law as follows:

> The parties recognize that the general rule in Kansas is that the owner or occupier of real property owes a duty to business invitees to maintain the premises in a reasonably safe condition. When real property is leased to a tenant, the duty to maintain is on the lessee. It is equally well settled that a lessor is liable for failure to maintain the leased area retained for the common use of the lessor's tenants when the tenants and their customers are merely entitled to use the common area.
>
> . . .
>
> In a personal injury case occurring in a shopping center parking lot, the key to ascertaining the liability of a landlord and tenant for failure to maintain or failure to warn of a defect in a common area is who occupies the common area with the intent to control it. Here, the shopping center landowner, Quivira Square, by its lease retained control and had the duty to maintain the common area, which included the driveway and parking area where plaintiff fell, and which was under the exclusive possession and control of Quivira Square. We are satisfied that the trial court did not

---

[1] Because plaintiff alleges an injury sustained in Kansas, the Court applies Kansas substantive law in this case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 U.S. 496 (1941) (in diversity action, forum state's choice-of-law rules govern which state's substantive law applies); *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985) (under Kansas law, tort actions are governed by the law of the state in which the tort occurred).

err in granting summary judgment to [the tenant].

*See id.* (citations omitted).

The Kansas Supreme Court approved of that holding by the court of appeals in *Summers v. Montgomery Elevator Co.*, 243 Kan. 393 (1988), in which the supreme court held that a plaintiff who was injured in an elevator maintained and controlled by the lessor while he was making a delivery to a shopping mall tenant had no claim against the tenant under Kansas law. *See id.* at 400. The supreme court stated the general rule under Kansas law as follows:

> The general rule is that a tenant has no duty of care towards premises not in his ownership, possession or control. This rule excludes a store's liability for common areas owned and controlled by a lessor shopping mall.

*See id.* (citations omitted).

The Court concludes that Kansas courts would apply these general rules, as stated in *Summers* and *Hall*, in the present case involving an alleged duty to protect a customer from attack in a shopping mall parking lot. *See Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1047-50 (1997) (defendants who did not control the premises did not have a duty to protect the plaintiff from an assault on those premises); *Cunningham v. Braum's Ice Cream and Dairy Stores*, 276 Kan. 883, 886-90 (2003) (owner of a store did not have a duty to warn patrons of a danger of severe weather that may be encountered outside of the store's premises; court rejected argument of plaintiff who cited, inter alia, cases involving criminal attacks occurring adjacent to the defendant's premises); *see also, e.g.*,

4

*Federated Dept. Stores, Inc. v. Doe*, 454 So. 2d 10, 12 (Fla. Ct. App. 1984) (holding as a matter of law that a shopping center lessee had no duty to protect the plaintiff from an attack in the common area parking lot).

In response to this argument by Von Maur, plaintiff has merely cited cases for the general rule under Kansas law that a tenant has a duty to protect a customer from harm on the tenant's own premises. Plaintiff has not attempted to distinguish *Hall* and *Summers*, however, or to explain why Von Maur's duty should extend to areas outside of its control.

Therefore, unless Von Maur had control over the parking lot at the mall, it had no duty to protect plaintiff from injury in the lot. Plaintiff has alleged in her petition that the mall was owned and operated by another defendant; that Von Maur merely "owned and operated" a retail store at the mall; and that she was injured in the mall parking lot. She has not alleged any facts to suggest that Von Maur had any control over the common area of the parking lot. Nor has plaintiff suggested in her brief, in response to defendant's argument that it owed no duty concerning the parking lot, that Von Maur in fact controlled the lot. Accordingly, plaintiff has not stated a plausible claim for relief against Von Maur under Kansas law, and plaintiff's claim against Von Maur is therefore dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Von Maur, Inc.'s motion to dismiss (Doc. #5) is **granted**, and plaintiff's claim against that

5

defendant is hereby dismissed.

    IT IS SO ORDERED.

    Dated this 27th day of March, 2014, in Kansas City, Kansas.

                                      <u>s/ John W. Lungstrum</u>
                                      John W. Lungstrum
                                      United States District Judge